**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 18-1869-CFC |
| MICRO-TECH ENDOSCOPY USA INC., MICRO-TECH (NANJING) CO., LTD., and HENRY SCHEIN INC., | ) ) ) ) | |
| Defendants. | ) ) | |

**OPENING BRIEF SUPPORTING MICRO-TECH ENDOSCOPY USA INC., MICRO-TECH (NANJING) CO., LTD., AND HENRY SCHEIN INC.'S MOTION TO DISMISS**

*Of Counsel:*

ORRICK, HERRINGTON &
SUTCLIFFE, LLP

Steven J. Routh
T. Vann Pearce, Jr.
Christopher Higgins
1152 15th Street N.W.
Washington, DC 20005
(202) 339-8400

Yufeng (Ethan) Ma
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108

Dated: March 13, 2019

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*
*Micro-Tech Endoscopy USA Inc., Micro-Tech*
*(Nanjing) Co., Ltd., and Henry Schein Inc.*

# TABLE OF CONTENTS

**Page(s)**

PROCEDURAL BACKGROUND ......................................................................................1

SUMMARY OF ARGUMENT ........................................................................................1

FACTUAL BACKGROUND ..........................................................................................2

      1.    The Personal Jurisdiction Allegations in the Complaint ..........................................2

      2.    Facts Relating to Micro-Tech Nanjing's Lack of Contacts with the Forum .............3

      3.    The Deficient Allegations of Infringement in the Complaint ................................4

ARGUMENT ................................................................................................................7

I.    MICRO-TECH NANJING IS NOT SUBJECT TO PERSONAL JURISDICTION IN DELAWARE ................................................................................................................7

    A.  The Long-Arm Statute Does Not Permit Jurisdiction Over Micro-Tech Nanjing. .........8

    B.  Asserting Jurisdiction over Micro-Tech Nanjing would Violate Due Process. ............13

II.   THE COMPLAINT FAILS TO STATE A CLAIM OF PATENT INFRINGEMENT FOR AT LEAST FOUR SEPARATE REASONS ...........................................................15

CONCLUSION .............................................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Applied Biosystems, Inc. v. Cruachem, Ltd.*,
    772 F. Supp. 1458 (D. Del. 1991) ......................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................... 15, 16, 17

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
    566 F.3d 1012 (Fed. Cir. 2009).........................................................................8

*Avocent Huntsville Corp. v. ATEN Int'l Co.*,
    552 F.3d 1324 (Fed. Cir. 2008)......................................................... 8, 10, 11, 14

*Belden Techs., Inc. v. LS Corp.*,
    829 F. Supp. 2d 260 (D. Del. 2010) .............................................................12, 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................... 15, 16, 17, 20

*Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC*,
    647 F. Supp. 2d 358 (D. Del. 2009) ..................................................................11

*D'Jamoos v. Pilatus Aircraft Ltd.*,
    566 F.3d 94 (3d Cir. 2009) ............................................................................14

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256, 1260 (Fed. Cir. 2018)...........................................................17, 18

*Eurofins Pharma US Holdings v. Bioalliance Pharma SA*,
    623 F.3d 147 (3d Cir. 2010) ..........................................................................11

*Freres v. SPI Pharma, Inc.*,
    629 F. Supp. 2d 374 (D. Del. 2009) ...................................................................9

*Goodyear Dunlop Tires Ops., SA v. Brown*,
    131 S. Ct. 2846 (2011) ..............................................................................9, 10

*Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*,
    C.A. No. 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018), *order
    corrected*, 2018 WL 6168617 (D. Del. Nov. 26, 2018) .......................................17

*IMO Indus., Inc. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ............................................................................7

*Intellectual Ventures I, LLC v. Ricoh Co., Ltd.*,
    67 F. Supp. 3d 656 (D. Del. 2014) ...................................................................................13

*Int'l Shoe Co. v. Wash.*,
    326 U.S. 310 (1945) .........................................................................................................2

*J. McIntyre Machinery, Ltd. v. Nicastro*,
    131 S. Ct. 2780 (2011) ............................................................................................ 14, 15

*Jane Doe #2 v. Archdiocese of Milwaukee*,
    700 F. Supp. 2d 653 (D. Del. 2010) ................................................................................11

*Kehm Oil Co. v. Texaco, Inc.*,
    537 F.3d 290 (D. Del. 2008) ...........................................................................................10

*M2M Solutions, LLC v. Telit Comm'ns PLC*, C.A. No. 14-1103-RGA, 2015 WL
    4640400, at *3 (D. Del. Aug. 5, 2015) ...........................................................................18

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
    C.A. No. 15-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015)...................... 10, 19

*Merck & Co. v. Barr Labs., Inc.*,
    179 F. Supp. 2d 368 (D. Del. 2002) ..................................................................................9

*Monsanto Co. v. Syngenta Seeds, Inc.*,
    443 F. Supp. 2d 636 (D. Del. 2006) ..................................................................................9

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
    C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........... 16, 17, 18, 19

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    C.A. No. 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018)....................... 18, 19, 20

*Robert Bosch LLC v. Alberee Products, Inc.*,
    70 F. Supp. 3d 665 (D. Del. 2014) ..................................................................................12

*Round Rock Research LLC v. ASUSTeK Computer Inc.*,
    967 F. Supp. 2d 969 (D. Del. 2013) ..................................................................... 11, 12, 13

*Sears, Roebuck & Co. v. Sears Plc*,
    744 F. Supp. 1297 (D. Del. 1990) ...................................................................................11

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d. 351 (D. Del. 2017) ...............................................................................20

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
    735 F.2d 61 (3d Cir. 1984) ...............................................................................................7

*TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*,
   961 F. Supp. 686 (D. Del. 1997) ...........................................................................9

## State Statutes

10 Del. C § 3104 (c)(1)-(3)...................................................................................9

10 Del. C § 3104(c)(1)-(4)....................................................................................9

10 Del. C § 3104 (c)(4) .........................................................................................9

10 Del. C § 3104 (c) (5)-(6)...................................................................................9

Delaware's Long Arm Statute ........................................................................*passim*

## Rules

Fed. R. Civ. P. 8...................................................................................................2

Fed. R. Civ. P. 12(b)(2) ................................................................................1, 7, 8

Fed. R. Civ. P. 12(b)(6) .................................................................................*passim*

## Other Authorities

Due Process Clause .......................................................................................1, 14

Defendant Micro-Tech (Nanjing) Co., Ltd. ("Micro-Tech Nanjing") respectfully moves the Court to dismiss the Complaint against it for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Defendants Micro-Tech Nanjing, Micro-Tech Endoscopy USA, Inc. ("Micro-Tech USA"), and Henry Schein Inc. ("Henry Schein") (collectively, "Defendants") respectfully move the Court to dismiss the Complaint in its entirety for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## PROCEDURAL BACKGROUND

On November 11, 2018, plaintiffs Boston Scientific Corporation and Boston Scientific SciMed, Inc. (collectively, "Plaintiffs" or "BSC") filed a Complaint alleging that Defendants have infringed three U.S. patents. Defendants hereby respond by moving to dismiss the Complaint for the reasons set forth below.

## SUMMARY OF ARGUMENT

Micro-Tech Nanjing does not have contacts with the forum sufficient to support personal jurisdiction in this action, and the Complaint does not allege facts to the contrary. Micro-Tech Nanjing is a Chinese corporation with no contacts, presence, or business activities within Delaware. Its activities outside the forum do not meet the requirements of Delaware's Long Arm Statute and fail to constitute even minimum contacts necessary for personal jurisdiction under the Due Process clause. The allegations in the Complaint directed to personal jurisdiction recite mere legal conclusions, not facts, and in any event are insufficient and refuted by the accompanying declaration of Micro-Tech Nanjing employee Jie Yin ("Yin Decl.").

In addition, the allegations in the Complaint do not meet the pleading standards of Fed. R. Civ. P. 8, as judges in this District have applied those standards to patent infringement

---

[1] Micro-Tech Nanjing joins the Rule 12(b)(6) motion in the alternative and without prejudice to its Rule 12(b)(2) motion.

complaints.  The Complaint contains no allegations at all of how some claim limitations are practiced by the accused products.  For other limitations, the Complaint does nothing more than repeat the claim language without identifying infringing structures or otherwise alleging facts to support infringement.  The Complaint also relies on the *same* images of Micro-Tech's products to allege infringement of *different* claim limitations, without explanation of how or what structures depicted in the images satisfy different limitations.  The Complaint here is similar to complaints dismissed under Rule 12(b)(6) in other recent Delaware patent infringement actions. Plaintiffs should be required to plead with the necessary specificity to give Defendants fair notice of the allegations against them and to facilitate the efficient conduct of this litigation.  If Plaintiffs are unable to do so, then the Complaint should be dismissed with prejudice.

## FACTUAL BACKGROUND

### 1.  The Personal Jurisdiction Allegations in the Complaint

The Complaint's allegations of personal jurisdiction over Micro-Tech Nanjing are conclusory.  First, the Complaint acknowledges that Micro-Tech Nanjing is incorporated in China and maintains its principal place of business there.  D.I. 1, ¶ 5.  It then alleges that "Defendant Micro-Tech Nanjing is subject to *specific* jurisdiction in this District."  *Id.* at ¶ 11 (emphasis added).  The allegations in support of this claim immediately follow:

> It [Micro-Tech Nanjing] maintains purposeful minimum contacts with the United States (including in this District), including but not limited to making, selling, offering to sell, and/or importing into the United States (including in this District) for subsequent sale or use products, services, methods, or processes as discussed more fully herein, "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal citations omitted). These activities include, but are not limited to, manufacturing the SureClip™ Hemostasis Clip products for sale in the United States, as is evident, for example, on the face of the "Instructions for Use" for the SureClip™ (obtained from Defendant Micro-Tech USA's website at [website address]), a copy of which is attached as Exhibit D.  *Id.*

The cited Instructions for Use document does not indicate that Micro-Tech Nanjing makes, sells, offers to sell, or imports these SureClip™ products in or into the United States.  *See* D.I. 1-1, Ex. D, p. 124-134.  The Instructions for Use identifies Micro-Tech Nanjing under the heading "Manufacture" with an address in China.  *Id.* at p. 134.  It then lists Micro-Tech USA under the heading "Distributed by."  *Id.*

Paragraphs 5 and 11 contain the only allegations in the Complaint directed specifically to Micro-Tech Nanjing.  The Complaint otherwise lumps together all three defendants by making allegations against "Defendants" collectively.  *E.g.*, D.I. 1, ¶¶ 18-61.  These generic allegations against "Defendants" do not establish personal jurisdiction over Micro-Tech Nanjing, particularly given the facts averred in the Yin Declaration, as discussed further below.

### 2.  Facts Relating to Micro-Tech Nanjing's Lack of Contacts with the Forum

Micro-Tech Nanjing is a Chinese company with its principal place of business in Nanjing, China.  It is not incorporated in any U.S. state, Yin Decl., ¶ 2, and it does not have a place of business in Delaware or any presence in the State.  *Id.*  Micro-Tech Nanjing owns no real or personal property, has no offices, and maintains no bank accounts in Delaware.  *Id.* at ¶ 3.  None of Micro-Tech Nanjing's officers, directors or employees is physically located in Delaware, or maintains a primary residence or place of business here.  *Id.* at ¶ 4.

Micro-Tech Nanjing does not do business in Delaware.  It is not qualified to do business in Delaware, and it has not appointed an agent to accept service of process in Delaware.  Yin Decl., ¶ 5.  It does not manufacture, develop, use, sell, or offer to sell any products in Delaware.  *Id.* at ¶ 6.  It does not import any products into Delaware.  *Id.*  It does not regularly transact or solicit business in Delaware or engage in any other persistent course of conduct in Delaware.  *Id.* at ¶ 7.  Micro-Tech Nanjing does not derive revenue from activities in Delaware.  *Id.*  It does not

advertise in Delaware and does not maintain any corporate books or records in Delaware. *Id.* at ¶ 8. It does not pay taxes in Delaware. *Id.* While Micro-Tech Nanjing maintains a website that is accessible to the general public, it does not direct its website specifically to residents of Delaware. *Id.* at ¶ 9. It is not possible for Delaware residents to place orders for any of the SureClip™ family of products through Micro-Tech Nanjing's website. *Id.*

Micro-Tech Nanjing has not undertaken any act in Delaware in connection with the events alleged in this lawsuit. Yin Decl., ¶ 10. It does not sell the products Plaintiffs accuse of infringement in the United States. *Id.* at ¶ 11. It sells products to Micro-Tech USA outside of the United States, and Micro-Tech USA takes title to the products outside of the United States. *Id.* Micro-Tech Nanjing does not sell products to Henry Schein. *Id.*

### 3. The Deficient Allegations of Infringement in the Complaint

The Complaint alleges that "Defendants" directly infringe two of the three patents in suit, United States Patent Nos. 9,980,725 (the "'725 patent"), and 8,974,371 (the "'371 patent"), by "making, using, selling, offering to sell, and/or importing into the United States" products which "include, but are not limited to, the SureClip™ Hemostasis Clip products described above." D.I. 1, ¶¶ 22, 51. With respect to the third patent in suit, United State Patent No. 7,094,245 (the "'245 patent"), the Complaint alleges that "Defendants" have induced infringement by end users who use the SureClip™ products, and it further alleges that "Defendants" have "the specific intent to encourage and facilitate those infringing acts through the creation and dissemination" of various product materials. *Id.* at ¶¶ 36-38.

Significantly, as to the instant Rule 12(b)(6) motion, the Complaint explicitly does *not* limit its infringement allegations to the SureClip™ line of products but instead

also alleges infringement by a broader class of "Defendants' products."  *Id.* at ¶¶ 11, 21, 22, 35, 50, 51.  For example, the Complaint alleges infringement by a broader class of "hemostatic clips" that includes the SureClip™ line of products.  *Id.* at ¶¶ 17, 36.

The Complaint identifies one claim from each patent and then attempts to map that claim to a SureClip™ product.  *See* D.I. 1, ¶¶ 23-30 ('725 patent claim 1); ¶¶ 37-45 ('245 patent claim 1); ¶¶ 52-59 ('371 patent claim 11).  Some asserted claim limitations, however, are not mentioned at all in the discussion of the SureClip™ products.  In particular, '725 patent claim 1 recites a "separable yoke," and further recites various structural and functional characteristics of the "separable yoke" including "yoke arms." *Id.* at ¶ 23.  The Complaint, however, does not allege that the SureClip™ products have a "separable yoke" or "yoke arms"; those terms never appear in the attempted infringement analysis.  *See id.* ¶¶ 24-32.

For many other claim elements, the Complaint's allegations parrot the claim language with no or only very slight language variations, followed by citations to pictures of a SureClip™ product without annotation or comment.  For example, Claim 1 of the '245 patent recites as one element: "[1] an actuator coupled to the control wire, [2] the control wire engageable by the actuator to open the at least two clip legs, to close the at least two clip legs, and [3] to uncouple the control wire from the clip."  The Complaint then alleges that the SureClip™ products include "[1] an actuator coupled to the control wire, [2] whereby the actuator engages the control wire and causes the clip legs to open and close, and, upon application of a sufficient predetermined force, [3] to decouple the clip mechanism from the control wire."  D.I. 1, ¶ 44.  As support for this allegation, the Complaint only generally references four pictures from the Instructions for Use: "*See,*

*e.g.*, Exhibit D, Figs. 5–7, 9 and 10." *Id.*  The figures are not included, much less annotated, and there is no explanation of what they are supposed to show (for example, of what constitutes the supposed "actuator").  The allegations as to the following additional claim elements are similarly conclusory:  "wherein when the breakable link is broken, the control wire uncouples from the clip" (*see* D.I. 1, ¶ 41) ('245 patent); "control element," "connector element," and "frangible link" (*see id.* ¶ 57) ('371 patent); "flexible sheath" (*see id.* ¶ 26) ('725 patent); "axially rigid sheath" (*see id.* ¶ 42) ('725 patent); "sheath" (*see id.* ¶ 58) ('371 patent).

Furthermore, the *same* images of the SureClip™ products—without annotation or explanation—are used as the sole bases to allege infringement of *different* claim elements across the '725, '245, and '371 Patents.  The Complaint cites Figures 9 and 10 of Exhibit D, reproduced below, as the sole basis for allegations that the accused products include (i) a "control element" that detaches from a "connector element" via a "frangible link" (D.I. 1, ¶ 57) ('371 patent); (ii) a "pair of J hooks" that "extend distally from the distal end" of a "control wire" and are "releasably connected" to a "clip assembly" (D.I. 1, ¶¶ 29, 41) ('725 patent, '245 patent) and (iii) a "breakable link" (D.I. 1, ¶ 41) ('245 patent).



The Complaint does not explain what portion(s) of the products depicted in these Figures allegedly meet any of these claim elements.  And it is neither explained nor apparent how

the same product or product components could meet *all* of these different claim elements across the three patents.  As another example, Figures 5 and 6 of Exhibit D are cited as the support for *both* the "*flexible* sheath" limitation of the '725 patent and the "axially *rigid* sheath" of the '245 patent.  *Id.* at ¶¶ 27, 42.

Finally, although the Complaint acknowledges that the three defendants are separate corporations (*Id.* at ¶¶ 4-6), every act of alleged infringement is alleged against "Defendants" generically, without specifying which defendant allegedly performed any alleged infringing act.  D.I. 1, ¶¶ 18-61 (*e.g.*, ¶ 22 ("Defendants have … infringed … by making, using, selling, offering to sell, and/or importing into the United States … products, services, methods, or processes….")

## ARGUMENT

## I. MICRO-TECH NANJING IS NOT SUBJECT TO PERSONAL JURISDICTION IN DELAWARE

A plaintiff "bears the burden of proving that personal jurisdiction is proper" by a preponderance of the evidence.  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998).  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).  "[P]laintiff must respond with actual proofs, not mere allegations," and "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence" as a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Id.*; *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1023 (Fed. Cir. 2009).

Plaintiffs cannot carry their burden of proof under any applicable theory.  Personal jurisdiction in patent cases is governed by Federal Circuit law because the jurisdictional issue is

intimately involved with the substance of the patent laws. *Avocent Huntsville Corp. v. ATEN Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008). "Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Id.* at 1329. Neither inquiry is satisfied as to Micro-Tech Nanjing.

### A.   The Long-Arm Statute Does Not Permit Jurisdiction Over Micro-Tech Nanjing.

In relevant part, the Delaware long-arm statute provides:

As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

(1) Transacts any business or performs any character of work or service in the State;

(2) Contracts to supply services or things in this State;

(3) Causes tortious injury in the State by an act or omission in this State; [or]

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State.

10 Del. C § 3104(c)(1)-(4).[2]  "Subsection (c)(1)-(3) and (5)-(6) are specific jurisdiction provisions, where there must be a nexus between the cause of action and the conduct of the defendant as a basis for jurisdiction. Subsection (c)(4) is a general jurisdiction provision, which requires a greater extent of contacts, but applies when the claim is unrelated to forum contacts." *Freres v. SPI Pharma, Inc.*, 629 F. Supp. 2d 374, 383 (D. Del. 2009) (footnote omitted).

The Complaint does not allege that the Court has general personal jurisdiction over Micro-Tech Nanjing (*see* D.I. 1, ¶ 11) and indeed it does not. "While seemingly broad in its

---

[2] The remaining subsections ((5) and (6)) of the statute concern real property and agreements to insure or act as a surety that have no relevance to this action.

language, the standard for general jurisdiction is high in practice and not often met." *TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, 961 F. Supp. 686, 691 (D. Del. 1997). "[A] plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Merck & Co. v. Barr Labs., Inc.*, 179 F. Supp. 2d 368, 375 (D. Del. 2002). Micro-Tech Nanjing does not meet this high standard because it "do[es] not conduct business in Delaware"; "[is] not registered to do business in Delaware"; "do[es] not produce, market or sell…any product in Delaware"; and "do[es] not have a bank account, a telephone number or an address in Delaware." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 643 (D. Del. 2006); Yin Decl., ¶¶ 2-8.

Further, Micro-Tech Nanjing is not subject to general jurisdiction "wherever [its] products are distributed." *Goodyear Dunlop Tires Ops., SA v. Brown*, 131 S. Ct. 2846, 2856 (2011). In *Goodyear*, defendants' distributors (subsidiaries or sister corporations of the defendants) sold thousands of tires in North Carolina. This was not grounds for general personal jurisdiction, as only actions of the *defendants* toward the forum mattered, not their distributors. 131 S. Ct. at 2852, 2855. It follows that Micro-Tech Nanjing is not subject to general jurisdiction based on the actions of Micro-Tech USA, Henry Schein, or any other third-party.

The Court also does not have specific personal jurisdiction over Micro-Tech Nanjing. "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (D. Del. 2008); *Avocent*, 552 F.3d at 1330. Micro-Tech Nanjing has not purposely directed any conduct at Delaware that gives rise to BSC's infringement claims. Micro-Tech Nanjing does not make, use, sell, offer for sale, or import any of the accused products in or into Delaware. Yin Decl., ¶¶ 6, 11. Nor has Micro-Tech Nanjing undertaken any activity in Delaware to induce infringement there. In

addition to not selling or offering to sell any accused products in Delaware, Micro-Tech Nanjing has not directed any advertising related to the accused products to Delaware or Delaware residents. *Id.* at ¶¶ 8-9. Micro-Tech Nanjing has not undertaken any acts in Delaware in connection with the events alleged in this lawsuit. *Id.* at ¶¶ 6-10. Because there is no nexus between the causes of action and Micro-Tech Nanjing's conduct, the Court cannot exercise specific personal jurisdiction over Micro-Tech Nanjing.

To the extent the Complaint's allegations are directed to personal jurisdiction over Micro-Tech Nanjing, those allegations are rebutted by the Yin Declaration. Accordingly, Plaintiffs have not and cannot carry their burden of proof to establish personal jurisdiction. Contrary to the allegations in Paragraph 11 of the Complaint, Micro-Tech Nanjing is not "making, selling, offering to sell, and/or importing into the United States (including in this District)" any products accused of infringement, as the Yin Declaration establishes. The same is true for the Complaint's infringement allegations against "Defendants" as a whole.

The only other allegation directed to Micro-Tech Nanjing—that it has manufactured products "for sale in the United States"—even if accepted, is not a basis for personal jurisdiction under any provision of the Delaware Long-Arm Statute. *See Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, C.A. No. 15-438-LPS-CJB, 2015 WL 7833206, at *4 (D. Del. Dec. 3, 2015)). The Yin Declaration establishes that the sale of these products occurs outside of the United States. Yin Decl., ¶ 11. Transacting business, even with a Delaware corporation, outside of Delaware does not satisfy Delaware's long-arm statute. *Boston Sci. Corp. v. Wall Cardiovascular Tech., LLC*, 647 F. Supp. 2d 358, 366 (D. Del. 2009); *Eurofins Pharma US Holdings v. Bioalliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (affirming lack of specific jurisdiction when there was "no indication that [the defendant] committed any act or omission in Delaware"); *Round*

*Rock Research LLC v. ASUSTeK Computer Inc.,* 967 F. Supp. 2d 969, 975 (D. Del. 2013).[3]  In

*Round Rock Research*, the Court granted the motion to dismiss ASUSTeK, a Taiwanese

corporation.  ASUSTeK sold products outside the U.S. to a wholly owned subsidiary, which in

turn sold them to another subsidiary that then sold them to retailers throughout the U.S.,

including in Delaware.  *Id.* at 972.  This distribution channel did not support personal jurisdiction

over ASUSTeK, because "[i]t does not transact any business in Delaware. It does not perform

any work in Delaware. It does not contract to do anything in Delaware. It does not sell or offer to

sell any computers in Delaware."  *Id.* at 977.  Nor is it sufficient that Micro-Tech Nanjing has a

publicly-accessible website.  *See, e.g.*, *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp.

1458, 1467-68 (D. Del. 1991) ("Advertising in widely distributed national magazines does not

qualify as transacting business in Delaware.").

      Even assuming that the "dual jurisdiction" theory is available under the Delaware Long-

Arm Statute, the facts here do not support the exercise of personal jurisdiction over Micro-Tech

Nanjing under such a theory.[4]  "Dual jurisdiction" exists, according to this theory, even though

no sub-section of the Delaware Long-Arm Statute is met, from partial satisfaction of sub-sections

---

[3]  The Complaint does not allege that Micro-Tech USA or Henry Schein are the agents or alter
egos of Micro-Tech Nanjing.  *See generally*, D.I. 1.  An "alter ego" theory would require a
showing by Plaintiffs of "fraud, injustice, or inequity in the use of the corporate form."  *See
Sears, Roebuck & Co. v. Sears Plc*, 744 F. Supp. 1297, 1304 (D. Del. 1990).  An "agency"
theory requires not only that one entity *can* control the actions of another but also that it actually
*does* exercise control over actions relevant to the lawsuit.  *E.g.*, *Jane Doe #2 v. Archdiocese of
Milwaukee*, 700 F. Supp. 2d 653, 659 (D. Del. 2010).  No factual allegations in the Complaint
advance or support either theory.

[4]  Decisions in this District have split on whether the Delaware Long-Arm Statute permits the
exercise of personal jurisdiction on this basis.  *Compare Round Rock Research*, 967 F. Supp. 2d
at 977 ("I cannot agree, or predict, that the Delaware Supreme Court would recognize 'dual
jurisdiction.'") *with, e.g., Robert Bosch LLC v. Alberee Products, Inc.,* 70 F. Supp. 3d 665, 673-
675 (D. Del. 2014) (reaching the opposite conclusion).  Defendants are not aware of any
Delaware Supreme Court decision directly addressing this question.

(1) and (4). *See Belden Techs., Inc. v. LS Corp.*, 829 F. Supp. 2d 260, 267 (D. Del. 2010). "Dual jurisdiction" arises "when a manufacturer has sufficient general contacts with Delaware and *the plaintiffs' claims arise out of those contacts*." *Belden Techs.,* 829 F. Supp. 2d at 267 (internal quotations omitted, emphasis in original). This theory requires proof of "both: (1) an intent to serve the Delaware market; and (2) that this intent results in the introduction of the product into the market and that plaintiff's cause of action arises from injuries caused by that product." *Id.* at 267-68.

Plaintiffs did not plead *facts* as to Micro-Tech Nanjing sufficient to support personal jurisdiction under the "dual jurisdiction" test. *See* Factual Background, Section 2 *supra. Belden* is instructive. To support its "dual jurisdiction" theory, the plaintiff in *Belden* pointed to the facts that defendant LS Korea had formed its American subsidiary to serve the U.S. market and had designed its products for the U.S. market. 829 F. Supp. 2d at 268 n.10. These allegations were not enough, nor would such facts (even if alleged) be enough here. As in *Belden*, "even assuming that [Micro-Tech Nanjing] had the requisite 'intent to serve' the Delaware market, plaintiff must still demonstrate that this intent resulted in the introduction of [accused products] into the Delaware market *by [Micro-Tech Nanjing]*." *See id.* at 268. Here, there is no non-conclusory allegation to this effect much less "evidence of record that [Micro-Tech Nanjing] sent any [accused products] to Delaware." *See id.*; Yin Decl., ¶¶ 6-8, 11. As in *Belden*, where LS Korea's American subsidiary took title to the accused products in Asia, prior to importation, here Micro-Tech USA takes title to the accused products from Micro-Tech Nanjing prior to importation into the United States. *See Belden*, 829 F. Supp. 2d at 268; Yin Decl., ¶ 11.

The Complaint here closely resembles other patent infringement complaints that judges in this District have dismissed for lack of personal jurisdiction over a foreign manufacturer,

including *Belden*, *Round Rock Research*, and *Intellectual Ventures I, LLC v. Ricoh Co., Ltd.*, 67 F. Supp. 3d 656, 661 (D. Del. 2014) (no personal jurisdiction, including no "dual jurisdiction," over Japanese manufacturing company that transferred title to the accused products to its wholly owned subsidiary outside of the U.S.). Likewise, the Court should find there is no personal jurisdiction over Micro-Tech Nanjing.

      **B.**    **Asserting Jurisdiction over Micro-Tech Nanjing would Violate Due Process.**

If the Court should dismiss Micro-Tech Nanjing because it is not subject to personal jurisdiction under the Delaware Long-Arm Statute, the Court does not need to analyze whether jurisdiction over Micro-Tech Nanjing would comport with the Due Process Clause. *See Avocent*, 552 F.3d at 1329. Nevertheless, the requirements of due process provide an independent reason why personal jurisdiction does not exist here. To determine whether jurisdiction over an out-of-state defendant comports with due process, courts look to a three-part test: whether (1) the defendant purposefully directed its activities at residents of the forum state, (2) the claim arises out of or relates to the defendant's activities with the forum state, and (3) assertion of personal jurisdiction is reasonable and fair. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). "[T]he first two parts of the test determine whether a defendant has the requisite minimum contacts with the forum." *Id.* "The threshold requirement is that the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State." *Id.* at 102-103 (quotation omitted). As discussed above, Micro-Tech Nanjing has not purposefully directed its activities at Delaware residents or purposefully availed itself of the privilege of conducting activities within Delaware.

In particular, the minimum contacts analysis requires more than targeting the United States market as a whole coupled with awareness that the "stream of commerce" may sweep the product in Delaware. *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2790-91, 2792

(2011).  In *J. McIntyre*, the Supreme Court rejected specific jurisdiction over an English company whose machines found their way to New Jersey.  Six Justices concluded that the defendant's nationwide sales through a distributor (who followed defendant's "'direction and guidance whenever possible'") and attendance at American trade shows failed to establish specific jurisdiction, even where the defendant "directed marketing and sales efforts at the United States" generally and "permitted, indeed wanted, its independent American Distributor to sell its machines to anyone in America willing to buy them."  131 S. Ct. at 2786, 2790, 2791 (plurality opinion); *id.* at 2791, 2792 (Breyer, J. and Alito, J., concurring) (sale in forum inadequate "even if that defendant places his goods in the stream of commerce, fully aware (and hoping) that such a sale will take place").  However, J. McIntyre could not be subject to personal jurisdiction in New Jersey because the respondent "[had] not established that J. McIntyre engaged in conduct *purposefully directed at New Jersey*."  *Id.* at 2790 (plurality opinion) (emphasis added).

Here, the Complaint alleges that Micro-Tech Nanjing has manufactured products "for sale in the United States," but it does not, and cannot, allege that Micro-Tech Nanjing engages in conduct purposely directed at *Delaware*.  As noted above, most of BSC's personal jurisdiction allegations are directed towards a "stream of commerce" theory.  D.I. 1, ¶ 11.  BSC does not allege any specific targeting of Delaware *by Micro-Tech Nanjing*, nor does it exist.  Yin Decl., ¶¶ 3-11. Even if Micro-Tech Nanjing were to target the U.S. market and to reasonably know that its products are being sold in Delaware, *J. McIntyre* makes clear that such intent and knowledge are not sufficient to establish personal jurisdiction under the stream of commerce doctrine.  131 S. Ct. at 2786, 2790 (plurality opinion); *accord id.* at 2791-92 (concurring opinion).  Accordingly, due process prohibits the exercise of personal jurisdiction over Micro-Tech Nanjing.

## II.     THE COMPLAINT FAILS TO STATE A CLAIM OF PATENT INFRINGEMENT FOR AT LEAST FOUR SEPARATE REASONS

To survive a Rule 12(b)(6) motion, BSC must plead specific facts showing that each essential element of their claims is met; conclusory allegations should be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009).  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (valid pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal citations and quotes omitted).  A complaint must be dismissed under Rule 12(b)(6), unless the well-pled facts in the complaint themselves establish "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  The Complaint here does not meet the standards for pleading infringement for several reasons.

*First,* the Complaint makes no effort to map certain of the asserted claim elements to the accused SureClip™ products.  For instance, the '725 patent's Claim 1 recites a "separable yoke," but no "separable yoke" is alleged to exist in the accused products. *See* '725 patent Claim 1. Other examples include the '725 patent's Claim 1 "yoke arms" and "connecting member" elements.  Applying *Twombly* and *Iqbal*, decisions of judges in this District have required direct infringement allegations on a claim limitation-by-limitation basis.  "Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products practice *each of the limitations* found in the two asserted claims." *North Star Innovations, Inc. v. Micron Tech., Inc.*, C.A. No. 17-506-LPS-CJB, 2017 WL 5501489 at *1 (D. Del. Nov. 16, 2017) (emphasis added). "After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that

the accused infringer actually infringes the patent claim (or the patent)." *Id.* The Complaint thus fails to state a claim as to the '725 patent.

*Second*, even where the Complaint purports to link claim elements to accused SureClip™ products, its allegations often amount to nothing more than "parroting" language of the asserted patent claims, without providing factual support. Many examples from the allegations directed to all three patents are discussed in Section 3 of the Factual Background above. Indeed, for many claim limitations the only "factual allegations" are "*see*" citations to figures of a SureClip™ product, without annotation or explanation. *See* Factual Background, Section 3 *supra*. This practice is insufficient to state a claim.[5] "[A] patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element. … There needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim…." *North Star*, 2017 WL 5501489, at *2 (emphasis in original).[6] Plaintiffs cannot credibly claim that the unannotated images in the Complaint identify which product components allegedly meet various limitations of the asserted claims. This is particularly true considering that the Complaint recycles the *same* images as the sole factual support for *different* claim limitations across the three patents.

---

[5] The Complaint alleges direct infringement of the '725 and '371 patents, and indirect infringement of the '245 patent. Because indirect infringement requires an underlying act of direct infringement, this analysis applies to all three patents.

[6] *Accord, e.g.*, *Horatio Washington Depot Techs. LLC v. TOLMAR, Inc.*, C.A. No. 17-1086-LPS, 2018 WL 5669168, at *12 (D. Del. Nov. 1, 2018), *order corrected*, 2018 WL 6168617 (D. Del. Nov. 26, 2018) (granting motion to dismiss because, where a claim does not involve a "simple technology," each limitation must be identified in the accused product); *cf Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (reversing dismissal *with prejudice* when the "case involve[d] simple technology" and the complaint identified each accused product by name and attached relevant photos of the products).

*Third*, even if the Complaint's allegations sufficed as to the SureClip™ products, they fail as to the broader allegations against Defendants' "products" as a whole or Defendants "hemostatic clip" products as a class.  As explained above, the Complaint alleges infringement against Defendants' unspecified "products," and as to Defendants' unidentified "hemostatic clips," which "include, *but are not limited to*, the SureClip™ Hemostatic Clip products."  D.I. 1, ¶¶ 11, 17, 21, 22, 35, 36, 50, 51.  The Court's recent decision in *Promos Techs., Inc. v. Samsung Elecs. Co.*, No. CV 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) explains that such allegations are deficient in pleading infringement by one or more "class of products."

The plaintiff in *Promos* alleged infringement by "manufacture and sale of Samsung DRAM products, specifically identifying the K4B2G0846D-HCH9 2 Gb DDR3 SDRAM."  *Id.* at *1.  The Court found the allegations sufficient as to that particular SRAM product because it was specifically identified as infringing.  *Id.* at *4 (citing *Disc Disease*, 888 F.3d at 1260).  But those allegations were *insufficient* as to the broader class of "Samsung DRAM products."  *Id.*  As the Court noted, the Federal Circuit's rationale in *Disc Disease* did not apply to the remainder of the accused products that were not specifically identified by name and with attached photos.  *Id.*  "Where an accused infringing product is not identified by name, the plaintiff must allege how the accused infringing class of products infringe the asserted patents."  *Id.* (citing *North Star*, 2017 WL 5501489, at *2).  The Complaint "substantially mirror[ed] the claim language" with some alterations and additions "using other well-known nomenclature to describe Defendants' products" which did not "articulate *why* the accused class of Samsung DRAM products infringe the asserted patents."  *Id.*  The Court thus granted the motion to dismiss.  *Id.* at *5.

The Complaint in this action contains *no* infringement allegations directed to the broader classes of Defendants' "products" or "hemostatic clips," which clearly does not meet the

pleading standard.  And even if the allegations against the SureClip™ products could be imputed

to the class of products as a whole, those allegations do not "articulate *why* the accused class of

[] products infringe the asserted patents" for the reasons explained above.  *See id.* at *4.

　　　*Fourth*, the infringement allegations are all directed to "Defendants" collectively.  "Rule

12(b)(6) requires a complaint alleging infringement against multiple defendants to 'adequately

identif[y] specific infringing acts' of each defendant."  *Promos*, 2018 WL 5630585, at *3

(quoting *Mayne Pharma.*, 2015 WL 7833206, at *3-4); *see also M2M Solutions, LLC v. Telit

Comm'ns PLC*, C.A. No. 14-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015)

(dismissing direct infringement claims made against parent and subsidiary which did not identify

which defendant(s) were responsible for which allegedly infringing products).  While a

complaint may refer to all named defendants collectively within a count, it "must incorporate

previous allegations of the Complaint identifying the specific infringing acts of the individual

defendants."  *Promos*, 2018 WL 5630585, at *3.  In *Promos*, the complaint asserted infringement

against the defendants collectively without providing any "factual assertion about whether any

Defendant makes, uses, offers to sell, or sells the infringing products within the United States, or

imports them into the United States."  2018 WL 5630585, at *3.  Plaintiff's jurisdictional

allegations asserting that each defendant shipped infringing products into Delaware through an

established distribution channel were "insufficient to allege infringement."  *Id.*

　　　Here, as in *Promos*, "Plaintiff's identification of the entities responsible for the infringing

acts is insufficient under Rule 12(b)(6)."  *See id.*  All of the infringement allegations in the

Complaint are directed to "Defendants" as a whole; the Complaint never identifies "the specific

infringing acts of the individual defendants."  D.I. 1, ¶¶ 17-61.  The allegations against

"Defendants" are generic in nature.  *E.g., id.* at ¶ 17 ("Defendants" have been "making, using,

selling, offering to sell, and/or importing into the United States for subsequent sale or use hemostatic clips….")  The only possible exception is the jurisdictional allegations against Micro-Tech Nanjing in Paragraph 11, but these allegations do not suffice because (i) they are akin to the insufficient jurisdictional allegations in *Promos*, (ii) they are refuted by the Yin Declaration, and (iii) they say nothing about specific infringing acts of Micro-Tech USA or Henry Schein.

"Clearly, [BSC] could allege a lot more than it has, as no ethical lawyer would bring this lawsuit if the plaintiff could not allege more."  *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d. 351, 353 (D. Del. 2017).  The Complaint does not give any Defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *See Twombly*, 550 U.S. at 545.  Requiring Plaintiffs to plead their claims in accordance with decisions in this District that apply the *Twombly/Iqbal* standard would promote an efficient disposition of this action.[7]  The Court should grant this motion to dismiss the Complaint for failure to state a claim.

## CONCLUSION

For the foregoing reasons, Micro-Tech Nanjing should be dismissed from this action for lack of personal jurisdiction.  In addition, the claims of infringement against each of the Defendants should be dismissed for failure to state a claim.

---

[7] Although Defendants have identified sound non-infringement and other defenses with respect to each of the claims in the Complaint, Defendants believe that they could more completely and fully plead the their defenses if the Complaint complied with the pleading requirements of the Federal Rules and this District.  Defendants also believe that adequate pleading of Plaintiffs' claims also may permit early resolution of some or all of those claims based on facts not genuinely in dispute.

ASHBY & GEDDES

*/s/ John G. Day*

_____

John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

ORRICK, HERRINGTON &
SUTCLIFFE, LLP

Steven J. Routh
T. Vann Pearce, Jr.
Christopher Higgins
1152 15th Street N.W.
Washington, DC 20005
(202) 339-8400
srouth@orrick.com
vpearce@orrick.com
chiggins@orrick.com

Yufeng (Ethan) Ma
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108
yma@orrick.com

Dated: March 13, 2019

*Attorneys for Defendants*
*Micro-Tech Endoscopy USA Inc., Micro-Tech*
*(Nanjing) Co., Ltd., and Henry Schein Inc.*