# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 18-1869-CFC-CJB |
| v. | ) ) | |
| MICRO-TECH ENDOSCOPY USA INC., MICRO-TECH (NANJING) CO., LTD., and HENRY SCHEIN INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' OPENING LETTER BRIEF IN SUPPORT OF THEIR
## MOTION TO STRIKE PLAINTIFFS' FINAL INFRINGEMENT CONTENTIONS

*Of Counsel:*

Steven J. Routh
T. Vann Pearce, Jr.
Christopher Higgins
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005-1706
(202) 339-8400

Yufeng (Ethan) Ma
ORRICK, HERRINGTON & SUTCLIFFE LLP
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108

Dated:  August 19, 2020

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

The Honorable Christopher J. Burke                          <u>VIA ELECTRONIC FILING</u>
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:     *Boston Scientific Corp, et al. v. Micro-Tech Endoscopy USA Inc., et al.,*
        <u>C.A. No. 18-1869-CFC-CJB</u>

Dear Judge Burke:

Pursuant to Section 10 of the Scheduling Order, Defendants Micro-Tech Endoscopy USA Inc., Micro-Tech (Nanjing) Co., Ltd., and Henry Schein Inc. (collectively, "Defendants") request that the Court strike the Final Infringement Contentions ("FICs", attached hereto at Tab 1) served by Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively, "Plaintiffs") on July 31, 2020. Plaintiffs' FICs should be struck for the following five reasons:

### 1.  FICs Asserting Indirect Infringement of the '371 and '725 Patents – Never Pled

Plaintiffs did not plead indirect infringement of either the '371 or '725 patents. *See* DI 141. Nor did they seek leave to add such allegations when they amended their complaint two months ago to include new allegations of direct infringement of the '245 patent. DI 123. Plaintiffs's FICs, however, assert for the first time contributory and induced infringement of the '371 and the '725 patents (FIC, Ex. A at 2-3; Ex. B, at 3). Those FICs should be struck as outside of the scope of the pleadings, which have framed fact discovery in this action. In a meet and confer today, Plaintiffs' counsel agreed to consider withdrawing all indirect infringement FICs on the '371 or '725 patents. We will promptly advise the Court if Defendants indeed take that step.

### 2.  FICs Asserting Claim 9 of the '371 Patent – Leave to Amend Answer Denied

The Court denied Plaintiffs' Motion for Leave to Amend to assert claim 9 of the '371 patent because it was not adequately pled. DI 136. Plaintiffs' FICs repeat allegations that Your Honor already deemed insufficient to satisfy Rule 8's notice pleading requirements. FIC, Ex. B at 11. Having failed to provide a sufficient basis to assert claim 9 in its proffered Amended Complaint, Plaintiffs' attempt to assert claim 9 in equally unsupported FICs should be rejected.

### 3.  FICs That Rely On Rejected Claim Constructions of the '245 and '725 Patents

FICs that rely on claim constructions previously rejected by the Court should be struck. *E.g., Intel. Ventures I LLC v. AT&T Mob. LLC*, C.A. No. 13-1668-LPS, 2017 WL 658469, at \*2 (D. Del. Feb. 14, 2017). Yet Plaintiffs' FICs repeat and expressly rely on claim constructions that Judge Connolly rejected for the terms "breakable link…adapted to be broken" and "connecting member," as explained below. Accordingly, Plaintiffs' FICs on the '245 and '725 patents should be struck based on an application of the *Pennypack* factors that the Court has relied on in striking similarly deficient FICs. *Id.* (citing *Meyers v. Pennypack Woods Home Own. Ass'n*, 559 F.2d 894, 904–05 (3d Cir.1977)).

**a. "breakable link….adapted to be broken" ('245 Patent)**

The Court adopted Defendants' proposed construction of "a component of the device designed to mechanically fail by fracturing at a predetermined tensile load," and it specifically rejected Plaintiffs' position that the limitation could comprise a mere "connection" of two components that could be "broken" upon deformation of one of the components. D.I. 140. Plaintiffs rely on the very position rejected by the Court in their FICs on the '245 patent:

> … the Hooks are designed such that, when the control wire retracts and subjects the Hooks to a sufficient tensile force, **[1]** *the connection between the Hooks and the proximal pin is broken, thereby uncoupling the control wire from the clip.* The Hooks are designed to mechanically fail by fracturing (**[2]** *e.g., by plastic deformation* that causes the Hooks to fracture—see, e.g., BSC-MT139793, -849, and -857) so as to release from the proximal pin upon application of that tensile force.

FIC, Ex. A, at 2-3. The first emphasized passage **[1]** is the claim construction position Plaintiffs proposed and the Court rejected. *See* Tab 2 (Markman Hearing Transcript) at 31:24-35:5. The second **[2]** merely suggests that this claim element may be met "e.g.," when a component undergoes deformation, a point that Judge Connolly also expressly rejected. *See* Tab 2 (Markman Hearing Transcript) at 32:13-15 ("I find, however, that the specification does not establish that the breakable link can break through deformation."). Plaintiffs' continued reliance on rejected claim construction positions supports an order that "strikes, as the Court must, legally deficient … contentions." *Intellectual Ventures*, 2017 WL 658469, at *3.

**b. "connecting member" ('725 Patent)**

The Court adopted Defendants' construction of "connecting member" as "a tension member that connects the clips arms to the yoke and biases the clip arms to an open configuration." DI 140. In so doing, the Court rejected Plaintiffs argument that the claim did not require "a particular mechanism" as the "connecting member," rather, the "connecting member" could be any component that simply connects the clip to the yoke and is somehow involved in the opening and closing of the clip. DI 140. Yet, Plaintiffs' FICs repeat this rejected argument:

> "The proximal pin is a tension member that connects the clip arms to the yoke and biases the clip arms to an open configuration. Distal movement of the control wire causes the proximal pin to move distally, and *the distal movement of the proximal pin causes the clip arms to open as the clip arms are pushed out of the capsule and the slots formed in the proximal section of the clip arms ride against the distal pin.* Thus, the proximal pin biases the clip arms in the open position."

FIC, Ex. C, at 5-6. Plaintiffs' FICs identify no alleged "tension" nor any alleged "bias" to an open configuration. The proximal pin is simply connected to the control wire and moves with it. Plaintiffs' FICs on the '725 patent therefore should be struck because they contradict the Court's claim construction. *Intellectual Ventures*, 2017 WL 658469, at *3.

**4.  FICs that Lack Any Factual Basis ('245 Patent)**

There are three configurations of accused products that Plaintiffs have accused of infringement; 1) the original j-hook, 2) the buckle hook, and 3) the "Lockado."  Plaintiffs' FICs for the '245 patent on the buckle hook and Lockado configurations, however, merely repeat Plaintiffs' rejected claim construction position and then allege that some unidentified component fractures. Plaintiffs cite *no* evidence of which, if any, component actually fractures, much less that any component is "designed to" do so, as the Court's construction requires:

> For each Accused Lockado Device, a pair of C-shaped Hooks (each, a "Hook," and collectively, "Hooks") extend proximally from the clip legs.  Each Hook hooks onto the proximal pin (which, for the Accused Lockado Device, is fused to the yoke coupled to the distal end of the control wire) to form a connection between the control wire and the clip.  The Hooks and the proximal pin thereby form a mechanical connection between the control wire and the clip and that link is a breakable link adapted to be broken in that the Hooks are designed such that, when the control wire retracts and subjects the Hooks to a sufficient tensile force, the connection between the Hooks and the proximal pin is broken, thereby uncoupling the control wire from the clip.  The Hooks are designed to mechanically fail by fracturing (e.g., by plastic deformation that causes the Hooks to fracture) so as to release from the proximal pin upon application of that tensile force.  The Hooks are intended to uncouple from the clip in this manner while the clip remains attached to

FIC, Ex. A, at 3.  "Infringement contentions ... serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim."  *Intellectual Ventures*, 2017 WL 658469, at *2.  Plaintiffs' FIC leave Defendants entirely in the dark as to how Plaintiffs contend that any component of the buckle or Lockado configurations is designed to fracture.  And Plaintiffs' designated Rule 30(b)(6) corporate witness was not aware of any testing ever done on these products and knew of no evidence that any component fractures into pieces.  Such unsupported FICs should be struck.

**5.  FICs on Doctrine of Equivalents (DOE) with No Supporting Factual Allegations**

Plaintiffs' Contentions allege infringement by DOE in a cursory manner for numerous claims. For many terms, Plaintiffs merely state that "Plaintiffs reserve the right to assert, in the alternative, that even if it is determined that Defendants are correct, the Accused Devices satisfy this limitation under the doctrine of equivalents."  FIC, Ex. A, at 7; Ex. C, at 5.  For almost every claim element, Plaintiffs allege DOE that recites a similar "result" of deploying a clip in a patient and a "function" and "way" that just repeat the claim language.  *Id.*, Ex. B, at 6.  These contentions fail to adequately allege DOE and are "highly prejudicial to Defendants, who lack notice of how their accused products purportedly infringe under the DOE."  *Intellectual Ventures,* 2017 WL 658469, at *4.

*              *              *

Plaintiffs have completed their Rule 30(b)(6) deposition of Defendants, reviewed Defendants' technical documents, received samples of all accused products, and had plenty of time to consider the consequences of Judge Connolly's claim construction ruling.  Plaintiffs should not be allowed to proceed to expert discovery asserting infringement with no articulated basis. Defendants respectfully request that the Court strike Plaintiff's Final Infringement Contentions in their entirety other than the direct infringement contentions as to '371 Patent claim 8.

The Honorable Christopher J. Burke
August 19, 2020
Page 4

                                        Respectfully,

                                        /s/ John G. Day

                                        John G. Day (#2403)

cc:    All Counsel of Record (via electronic mail; with attachments)
Attachments