# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION<br>and BOSTON SCIENTIFIC SCIMED, INC.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MICRO-TECH ENDOSCOPY USA INC.,<br>MICRO-TECH (NANJING) CO., LTD., and<br>HENRY SCHEIN INC.,<br><br>    Defendants. | C.A. No. 18-1869-CFC-CJB |

## DEFENDANTS' REPLY LETTER BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' FINAL INFRINGEMENT CONTENTIONS

*Of Counsel:*

Steven J. Routh
T. Vann Pearce, Jr.
Christopher Higgins
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
(202) 339-8400

Yufeng (Ethan) Ma
ORRICK, HERRINGTON & SUTCLIFFE LLP
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108

Dated: August 31, 2020

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

{01602406;v1 }

Dear Judge Burke:

Judge Connolly's Scheduling Order requires patent plaintiffs to serve Infringement Contentions that include, *inter alia*, "[a] chart *specifying where and how* each limitation of each asserted claim is found within *each* Asserted Instrumentality." *See* §3(c). And the Scheduling Order in this action required Plaintiffs to serve Final Infringement Contentions ("FICs") July 31, 2020. Plaintiffs' Letter in Opposition to the Motion to Strike ("Opposition Letter") confirms Plaintiffs' willful failure to comply with those orders.

Rather than identifying statements in the FICs that "specify[] where and how" each limitation is found in each of the 3 accused product configurations, the Opposition Letter offers new arguments and exhibits in a futile effort to fill gaping holes in the FICs. Those new arguments ignore 2 of the 3 accused configurations and further illustrate Plaintiffs' disregard of the Court's Claim Construction Order, notwithstanding that the Order should end, or at least greatly simplify the number of asserted claims and accused products in, this litigation.

### 1. FICs Asserting Indirect Infringement of the '371 and '725 Patents – Never Pled

Plaintiffs admit they did not plead indirect infringement of these patents, but seek to excuse that failure by characterizing it as "a third tier alternative argument." There is no basis in law or logic for such an excuse. Your Honor ruled months ago that it was a "close call" whether to grant leave to amend the Complaint to add a previously unpled claim, shortly before the deadline for amending pleadings. D.I. 136. It is no longer a close call; the FICs' conclusory allegations of indirect infringement of *all claims* of the '371 and '725 patents are both too late as well as too conclusory to be added to the case. They should be struck.

### 2. FICs Asserting Claim 9 of the '371 Patent – Leave to Amend Answer Denied

The Opposition Letter ignores *the substance* of Your Honor's ruling that the allegations in Plaintiffs' Proffered Amendment seeking to add claim 9 to this case failed to meet even Rule 8's notice pleading standard, thereby both removing claim 9 from this case *and* making repetition of those same allegations by definition inadequate to satisfy the requirement that FICs "specify[] where and how" each limitation of each asserted claim is found in each accused product.

### 3. FICs That Repeat and Rely On Rejected Claim Constructions

The Opposition Letter seeks to minimize Plaintiffs' obligations by suggesting FICs merely need to provide "notice *regarding* BSC's infringement theories;" but even the cases Plaintiffs cite for that proposition require that FICs provide "*detail regarding how* each claim limitation was met." D.I. 170 at 2 (emphasis added). Plaintiffs' FICs do not provide such detail.

#### a. "breakable link….adapted to be broken" ('245 Patent)

The yellow highlighting on page 2 of the Opposition Letter acknowledges that the FICs contain a mere 16 words that attempt to link the Court's "designed to mechanically fail by fracturing" construction to the *three different* clip components in the accused product configurations, and the first 6 of those words merely repeat the construction. The only new words in the FICs are: "e.g., by plastic deformation that causes the Hooks to fracture." Yet that phrase serves only to illustrate Plaintiffs' disregard of the Claim Construction Order and deficient FICs:

- Plaintiffs cannot end-run Judge Connolly's rulings that "Boston Scientific disclaimed….a deformable link in the form of a hook" and that "the specification does not establish that the breakable link can break through deformation" Markman Tr. at 32:13--34:10, by using the

- phrase "plastic deformation." Judge Connolly's rulings on their face encompass all deformation, and it defies common sense to assert that that a "form of deformation" that purportedly causes a fracture only "in some instances" meets the requirement that the component be "*designed* to mechanically fail by fracturing." As one testing document cited in the FICs shows, only 3 of 60 j-hooks (5%) fractured when deforming. BSC-MT-139857.

- The Opposition Letter's cite to a so-called "expert report" on testing of certain European j-hook configuration products again at most shows defective performance (i.e., fracturing) of some j-hook components in products outside the scope of this case. It does not "specify[] where or how" any component in any accused product is "designed to mechanically fail by fracturing," and it says nothing about the C-clip and Lockado configuration hooks.

- The "e.g.," in the FIC's 10-word explanation is a transparent attempt to keep open other infringement theories not stated in FICs. This is inappropriate. FICs are the *final* statement of a plaintiff's contentions, not a preview or examples of what might be to come.

- It is sophistry for Plaintiffs to argue that components of the accused products are designed to fracture merely because Defendants have labelled the force required to release a j-hook from a pin (via deformation) as the "breaking force." The new exhibit offered with the Opposition Letter does not say that the j-hook itself or any other component of any product breaks.

### b. "connecting member" ('725 Patent)

The Opposition Letter seeks to escape the claim construction of "connecting member" by unilaterally redefining the word "biases," as used in Judge Connolly's ruling, based on a dictionary definition of "bias" that has never been presented to the Court or otherwise mentioned in this case. That proffered new definition is not in Plaintiffs' FICs, and it introduces a new concept–i.e., "a bias means 'a force field applied to a device'"–that has no connection or relevance to the '725 patent. D.I. 170 at 4. The claim construction process would be meaningless if a disappointed party could completely undo the Court's ruling by searching out obscure dictionary definitions (here, the third alternative offered in a dictionary published in Switzerland a decade after the patent-in-suit issued, D.I. 169 Ex. C) to contort a construction and muddy the waters in the hope of avoiding summary judgment of non-infringement. That is precisely what Plaintiffs are trying to do in this case. The FICs on the '725 patent should be struck.

### 4. FICs that Lack Any Factual Basis ('245 Patent)

For the Lockado and Buckle hook configurations, Plaintiffs' FICs do nothing other than recite claim language and claim constructions. Plaintiffs' 30(b)(6) witness admitted that Plaintiffs have not tested those products. All FICs on each of those Accused Products are completely baseless.

### 5. FICs on Doctrine of Equivalents (DOE) with No Supporting Factual Allegations

The Court can judge whether Plaintiffs' Opposition Letter is accurate in asserting that the FICs "[i]n reality" (1) "specify[] where and how" each accused product directly infringes the patents in suit under DOE and (2) apply "the well-established 'function-way-result' analysis" We respectfully submit that the DOE FICs merely adopt the same deficient infringement analysis discussed above and recite standards governing DOE analysis without explanation of where and how that analysis applies to any (much less all three) of the accused product configurations.

*   *   *   *

Plaintiffs' "failure to provide contentions that account for the entirety of the Court's construction" is "willful," and therefore regardless of bad faith, the FICs should be struck. *Intel. Ventures I LLC v AT&T Mob. LLC*, C.A.No. 13-1668, WL 658469 at *4 (D. Del. Feb 14, 2017).

The Honorable Christopher J. Burke
August 31, 2020
Page 3

                                                                           Respectfully,

                                                                           */s/ Andrew C. Mayo*

                                                                           Andrew C. Mayo (#5207)

ACM/nlm

cc: All Counsel of Record (via electronic mail)

{01602406;v1 }