

November 6, 2020

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

    Re:    *Boston Scientific Corporation, et al. v. Micro-Tech Endoscopy USA Inc., et al.*, C.A. No. 18-cv-1869-CFC-CJB

Dear Judge Connolly:

Plaintiffs write in response to Defendants' unsolicited, five page letter of November 2, 2020, purportedly seeking the Court's "guidance" regarding its prior claim construction ruling. (D.I. 209). Defendants' letter is procedurally improper and violates several of the Court's rules and orders, such that Plaintiffs respectfully request that the Court disregard the letter and take no action on it.

Defendants admit they "attempted to resolve these matters by filing a motion to strike" (D.I. 168), but Magistrate Judge Burke denied the motion (D.I. 205). Thus, the proper recourse for Defendants to "resolve [the] matters" was to file objections to that ruling pursuant to Rule 72(a). Defendants failed to file such objections, however, and their time to do so has expired. *See* Rule 72(b)(2) (objections must be filed within 14 days of the order).

Moreover, to the extent it may otherwise be cast as a motion for reargument of the Court's claim construction order, Defendants' letter is procedurally improper on numerous grounds. First, the Scheduling Order provides that any applications to the Court not specifically contemplated therein "shall be by written motion" (which Defendants' letter seeking the Court's "guidance" is not) and that, any non-dispositive motion must contain an appropriate meet-confer certification as required by Local Rule 7.1.1 (which Defendants have not provided). D.I. 29, ¶ 15. *See also* Local Rules 7.1.1 and 7.1.2. Second, motions for reargument, which "shall be sparingly granted," must be filed within 14 days of the Court's order (Local Rule 7.1.5(a)), and that deadline passed long ago. Third, as noted above, Defendants really seek reargument of Magistrate Judge Burke's denial of their motion to strike, and Local Rule 7.1.5(b) expressly prohibits motions to reargue rulings made by a Magistrate Judge pursuant to Rule 72.

919 N. MARKET STREET, 12TH FLOOR, WILMINGTON, DE 19801
PHONE: (302) 777–0300 · FAX: (302) 777–0301 · WWW.FARNANLAW.COM

Finally, what Defendants' letter really seeks is summary judgment of alleged non-infringement (D.I. 168 ("we respectfully submit [that the letter] should resolve all infringement claims on two of the three patents in suit"; and "we recognize that one option is . . . to address these issues at summary judgment")), but Defendants have not complied with any of the requirements set forth in the Scheduling Order for filing such a motion.  *See* D.I. 29, ¶ 17.

Plaintiffs vigorously dispute that its infringement contentions are deficient in any way, and they stand ready to defend the substantive merits of their expert's infringement report as and when required in accordance with this Court's practices, rules, and orders.  Defendants' letter, however, is procedurally improper, and Plaintiffs respectfully submit that the Court should not address the merits of Plaintiffs' infringement claims unless and until Defendants have complied with its practices, rules, and orders.

        Respectfully submitted,

        /s/ Brian E. Farnan

        Brian E. Farnan

cc: Counsel of Record (Via E-Filing)