IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | ) ) ) | **REDACTED PUBLIC VERSION** |
| Plaintiffs, | ) ) ) | C.A. No. 18-1869-CFC-CJB |
| v. | ) ) | |
| MICRO-TECH ENDOSCOPY USA INC., MICRO-TECH (NANJING) CO., LTD., and HENRY SCHEIN INC., | ) ) ) ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
FROM ANDREW C. MAYO**

*Of Counsel:*

Steven J. Routh
T. Vann Pearce, Jr.
Christopher Higgins
ORRICK, HERRINGTON & SUTCLIFFE LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC  20005-1706
(202) 339-8400

Yufeng (Ethan) Ma
ORRICK, HERRINGTON & SUTCLIFFE LLP
47/F Park Place
1601 Nanjing Road West
Shanghai, 200040
People's Republic of China
86-21-6109-7108

Dated:  January 25, 2021

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendants*

Dear Judge Burke:

The Opposition Letter effectively concedes that all 3 Leinsing Reports introduce new positions that depart from Plaintiffs' discovery disclosures, but it claims "no harm" because Mr. Leinsing has since been made available for deposition. That is not the law. Indeed, it is well settled in this District that "[o]pening expert reports are not the appropriate time to disclose new infringement allegations." *TQ Delta v. Amtran*, C.A. No. 14-954-RGA, 2019 WL 4346530 at *2 (D. Del. Sep. 12, 2019). The Leinsing Reports offer precisely the type of new positions consistently struck in this District, regardless of whether a moving party has an opportunity to depose the expert or to file supplemental briefing. *Id. See also Integra Lifesciences Corp. v. Hyperbranch Med. Tech. Inc.*, C.A. No. 15-819-LPS-CJB (D. Del. March 28, 2018); *TQ Delta, LLC v. Adtran, Inc.*, 2020 WL 4529865, *1–*2 (D. Del. 2020); *HSM Portfolio LLC v. Elpida Memory Inc.*, C.A. No. 11-770-RGA, at *5-6 (D. Del. Feb. 11, 2016). Accordingly, for the reasons set forth in Defendants' Motion Letter and below, the new positions in the Leinsing Reports should be struck.

1. **New Infringement Arguments on the '371 and '725 Patents' "bushing".**

Contrary to Plaintiffs' Opposition Letter, there has been no "misreading" of the Final Infringement Contentions. The Final Infringement Contentions speak for themselves, and their deficiencies are made clear by the redline comparison of the Final Contentions with the Leinsing Infringement Report, which Defendants submitted with their Motion Letter. Plaintiffs' Final Contentions explicitly identify (via labeling) the claimed "tab on the distal end of the bushing" as the "reduced diameter portion" of the bushing, whereas the Leinsing Infringement Report identifies the "tab" as the "distal portion of the bushing and the prongs of the three-prong spring tab." The Leinsing Infringement Report thereby presents a new, previously undisclosed position.

It is equally clear that Mr. Leinsing changed his opinion *again* at his deposition, abandoning the distal portion of the bushing altogether and pointing only to the spring tabs as the claimed bushing. Plaintiffs' argument that there was no "change in position between Leinsing's reports and his deposition" because Leinsing's Reply Report stated that "the spring tabs are the claimed 'tab on the distal end of the bushing'" (Opp. Letter at 2) is both inaccurate and misleading. At Paragraph 107 of his Reply Report, Mr. Leinsing unambiguously states that "the Original/Buckle Accused Devices satisfy this element by virtue of the *combination of the distal portion of the bushing and three-pronged spring tab*." Ex. C at ¶107.

Moreover, Leinsing's new DOE argument is not in the Final Infringement Contentions (at Ex. D, p. 6), as Plaintiffs allege. The argument there is directed to whether the bushing is slidable within the sheath and does not address the tab on the distal end of the bushing. The new DOE argument in the Leinsing Infringement Report should therefore be struck.

Finally, Plaintiffs' explanation of the "clearance between the bushing and the sheath" is baseless. Mr. Leinsing never refers to "clearance" to suggest the "bushing is composed of two parts," as Plaintiffs now argue. Nor would that make sense. Leinsing stated merely that the clearance between the bushing *and the sheath* permits the bushing to move within the sheath. At no point prior to the Reply Infringement Report was the tube welded to the wire coil (together the coil shaft) part of the bushing. To the contrary, the bushing was *coupled* to the coil shaft, and thus could not include the tube, which is part of the coil shaft. This terminology is consistent with Plaintiffs' own internal documents – the only inconsistency is in the Leinsing Reply Report.

The Honorable Christopher J. Burke
January 25, 2021
Page 2

### 2. New Arguments on the Clip Assembly

Plaintiffs do not dispute that the Leinsing Reply Report *changes* his opinion regarding the "clip assembly" from his Opening Report, which in turn is different than Plaintiffs' Final Infringement Contentions. This is not a "reply;" it is a unilateral *change* in Plaintiffs' position.  And Plaintiffs are wrong that Defendants were required to somehow "reserve rights on this issue" at the deposition, during which Leinsing admitted that the claims were not met under either Plaintiffs' Final Infringement Contentions or his Opening Report. Defendants based their noninfringement and invalidity positions on the Final Contentions and Opening Report. Those positions cannot simply be swept aside in a Reply Report to permit Plaintiffs to start over in search of a new theory. To avoid prejudice, the Leinsing Reply Report on this point must be struck.

### 3. New Arguments on the Priority Date for the '245 Patent

Plaintiffs have agreed to withdraw Mr. Leinsing's untimely opinion regarding a new priority date for the '245.  Opp. Letter at 5.  But Plaintiffs misstate the corresponding portions of the Leinsing Report that must be struck, which should include Paragraphs 41, 163-170.  Plaintiffs did not dispute the priority date of Kimura in discovery, and they should not be permitted to do so now.

### 4. New Arguments in the Rebuttal Report on Plaintiffs' Practicing Products

Plaintiffs' response misses the point. Plaintiffs bear the burden on lost profits.  And Plaintiffs' damages expert Mr. Bone relied on an assertion that Plaintiffs' own products practice the Asserted Claims as part of his lost profits opinion.  The Scheduling Order required any opinions to be expressed in opening expert reports on October 23, 2020, which would have allowed Defendants to respond as part of Rebuttal Reports and would have given Defendants' damages expert, Mr. Milani, an opportunity to respond to Mr. Bone.  That did not happen and Mr. Leinsing's untimely opinion should be struck.

Plaintiffs argue that Defendants "never contended during discovery that the Resolution and Resolution 360 did not practice the asserted claims." Opp. Letter at 5.  To the contrary, Defendants contended in response to Plaintiffs' Interrogatory No. 2 that "BS has not shown that the Resolution and Resolution 360 clips practice each of the asserted claims of the Patents-in-Suit."  (Exhibit here).  Plaintiffs thus were on notice of this dispute but chose not to address the issue in opening expert reports, even though they bear the burden on the issue.

### 5. Claim Elements Newly Disputed in Leinsing Rebuttal Validity Report

Plaintiffs do not dispute that they failed to raise any of the over 50 new arguments in Mr. Leinsing's Rebuttal Report during discovery but instead argue that they had "insufficient time." Opp. Letter at 4.  Plaintiffs did not request additional time to respond to Defendants' interrogatories.  And simply "reserving the right" to respond later is of no consequence, as it "reserves" a right that never existed, absent a request for an extension to respond after the close of fact discovery.  Plaintiffs instead elected to wait months until they served the Leinsing Rebuttal Report to spring on Defendants more than 50 new disputes.  The apparent gamesmanship of this approach is demonstrated by Mr. Leinsing's confession at deposition that he did not in fact dispute many of these issues.  These positions, first disclosed in the Opening Invalidity Report, should be struck.

The Honorable Christopher J. Burke
January 25, 2021
Page 3

                                          Respectfully,

                                          */s/ Andrew C. Mayo*

                                          Andrew C. Mayo (#5207)

ACM/nml

cc:     All Counsel of Record (via electronic mail)

{01655570;v1 }