## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC SCIMED, INC., | |
| Plaintiffs, | CA. No. 18-1869-SB-CJB |
| v. | ███████████████ |
| MICRO-TECH ENDOSCOPY USA INC., MICRO-TECH (NANJING) CO., LTD., and HENRY SCHEIN INC., | |
| Defendants. | |

## JOINT [PROPOSED] PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure. Plaintiffs Boston Scientific Corporation and Boston Scientific Scimed, Inc. (collectively "Plaintiffs" or "Boston Scientific") and Defendants Micro-Tech Endoscopy USA Inc., Micro-Tech (Nanjing) Co., Ltd., and Henry Schein Inc. (collectively "Defendants"), by their undersigned counsel, collectively submit this proposed Joint Pretrial Order pursuant to D. Del. L.R. 16.3. The parties attempted in good faith to reach consensus on the following issues. To the extent the parties had differing positions, each party's respective proposal is explained for the Court's consideration. The Pretrial Conference is scheduled for June 17, 2021 and a jury trial is scheduled to begin on July 12, 2021.

- 1 -

## I.     NATURE OF THE CASE AND PLEADINGS

### A.     Nature of the Action

1.     This is a civil action for the alleged infringement of United States
Patent Nos. 9,980,725 (the "'725 Patent") entitled "Through the Scope Tension
Member Release Clip"; 7,094,245 (the "'245 Patent") entitled "Device and Method
for Through the Scope Endoscopic Hemostatic Clipping"; and 8,974,371 (the
"'371 Patent") entitled "Through the Scope Tension Member Release Clip"
(collectively, the "Asserted Patents") under the Patent Laws of the United States,
35 U.S.C. § 100, et seq.

2.     Boston Scientific asserts infringement against the following
hemostatic clip devices sold or distributed in the United States: the Micro-Tech
SureClip (including the "Hook" and "Buckle" configurations thereof), the ConMed
DuraClip, and the Micro-Tech LOCKADO Clip (collectively, the "Accused
Devices").  Defendants deny Plaintiffs' claims of infringement with respect to each
of these Accused Devices for multiple reasons that, in some instances, vary among
Accused Devices.

3.     Boston Scientific asserts that each of the Accused Devices infringes
claims 1-3, 6, and 8-12 of the '725 patent; claims 1, 3, 7, 13, and 15 of the '245
patent; and claims 8 and 9 of the '371 patent (the "Asserted Claims").  Defendants

assert that the Accused Devices do not infringe any of the Asserted Claims and that the Asserted Claims are invalid and unenforceable.

4. The operative pleadings are Boston Scientific's Amended Complaint (D.I. 141) and Defendants' Answer and Affirmative Defenses (D.I. 151), subject to subsequent Court rulings addressed to those pleadings.

5. The Court issued an Order on claim construction on July 1, 2020 (D.I. 140). To the extent Boston Scientific's or Defendants' proposed constructions were not adopted, all parties object to the claim constructions and reserve their rights on those issues for appeal.

## II.   <u>JURISDICTION</u>

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b). Jurisdiction and venue are not disputed.

## III.   <u>STATEMENT OF ADMITTED FACTS</u>

7. The parties stipulate to the facts listed in the attached **Schedule 1**. These proposed stipulated facts require no proof at trial and will become part of the evidentiary record in this case.

## IV.   <u>STATEMENTS OF CONTESTED ISSUES OF FACT</u>

8. Plaintiffs' statement of contested issues of fact is attached as **Schedule 2**.

9.     Defendants' statement of contested issues of fact is attached as **Schedule 3**.

## V.     STATEMENTS OF CONTESTED ISSUES OF LAW

10.     Plaintiffs' statement of contested issues of law is attached as **Schedule 4**.

11.     Defendants' statement of contested issues of law is attached as **Schedule 5**.

## VI.     EXHIBITS

### A.     Exhibit Lists

12.     The parties' joint list of exhibits is attached as **Schedule 6**.  Joint Exhibits will be identified with JTX numbers.

13.     Plaintiffs' list of exhibits and Defendants' objections thereto is attached as **Schedule 7**.  Plaintiffs' Exhibits will be identified with PTX numbers.

14.     Defendants' list of exhibits and Plaintiffs' objections thereto is attached as **Schedule 8**.  Defendants' Exhibits will be identified with DTX numbers.

15.     Subject to the remaining provisions of this Order, no party may add to its exhibit list or use at trial an exhibit not present on its list absent good cause. Each party reserves the right to offer exhibits from any other party's trial exhibit list, even if not separately listed on its own exhibit list.  The demonstrative exhibits the parties intend to use at trial do not need to be included on their respective

exhibit lists.  The parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

16.     Exhibits to be used solely for impeachment need not be included on the lists of trial exhibits or disclosed in advance of being used at trial.  Such exhibits used solely for impeachment and not included on an exhibit list may not be admitted into evidence.

17.     Statements from an Opposing Party's request for admission responses, interrogatory responses, or pleadings may be read at trial and need not be included on the exhibit lists.

### B.     Demonstratives and Summary Exhibits

18.     Notwithstanding any contrary provisions in this Order, the parties will disclose and exchange copies of demonstrative and summary exhibits in accordance with the following procedure.

19.     Plaintiffs' demonstratives will be identified with PDX numbers.

20.     Defendants' demonstratives will be identified with DDX numbers.

21.     The parties shall exchange complete color representations of all demonstrative exhibits, excluding those for opening and closing statements, no later than 7:00 p.m. the night before they will be used in Court and any objections

thereto will be lodged by 9:00 p.m. that same night.[1]   The parties shall meet and confer at 10:00 p.m. that night to resolve the objections.

22.     By no later than 5:00 p.m. on the calendar day before the opening statements, the Parties shall exchange color copies of demonstrative exhibits that they intend to use in their respective opening statements.  By no later than 7:00 p.m. that same day, any objections to the demonstrative exhibits shall be lodged. By no later than 8:00 p.m. that same day, the parties shall meet and confer to resolve any objections, which if necessary will be raised with the Court the following morning.

23.     At the start of each party's closing statement, it shall provide to the opposing party the demonstratives it intends to use.

24.     The party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for video or animations, the party seeking to use the demonstrative will provide it to the other side via DVD, CD, flash drive, email, or secure FTP or Box website.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF or 8.5 x 11 copies of the exhibits, in addition to making them available for inspection upon request.

---

[1] All times set forth herein refer to Eastern Daylight Time (EDT).

25.     The provisions in this section do not apply to demonstratives created during testimony or argument at trial or to demonstratives to be used for cross examination, neither of which need to be provided to the other side in advance of their use.  In addition, ballooning, blow-ups, excerpting, or highlighting of exhibits or parts of exhibits or testimony and demonstratives previously used during trial are not required to be provided to the other side in advance of their use.

26.     If good faith efforts to resolve objections to demonstrative or physical exhibits fail, the objecting party shall raise its objections with the Court prior to their anticipated use.

27.     Any exhibit identified on a party's exhibit list and not objected to is deemed to be authentic and admissible and may be entered into evidence by the party, except that nothing herein shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

28.     The parties stipulate to the authenticity of the documents listed in the attached exhibit lists unless such objections are specifically and expressly preserved therein. **[Plaintiffs' Proposal**:  The parties shall not dispute the authenticity of any document that was produced during discovery, which on its face appears to have been authored by an employee, officer or agent of the producing party in the ordinary course of business, and that such documents shall be deemed prima facie authentic, subject to the right of the party against whom

such a document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe the document is not authentic and subject to any contrary determination or ruling by the Court.]  **[Defendants' Proposal**: Delete Plaintiffs' Proposal; to the extent the parties are unable to reach agreement on the authenticity of any exhibit in advance of trial, any objection to the authenticity of such exhibit offered into evidence at trial shall be resolved in accordance with the Federal Rules of Evidence and other applicable legal authority.]

29.     Complete legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original.  Legible copies of United States patents may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections that might be made to the admissibility of certified copies.

## VII.   WITNESSES & EXHIBIT DISCLOSURE PROCEDURE

### A.     Live Witnesses & Exhibits

30.     Plaintiffs' list of the names of the fact and expert witnesses that they intend to call at trial is attached as **Schedule 9**.

31.     Defendants' list of the names of the fact and expert witnesses that they intend to call at trial is attached as **Schedule 10**.

32.     Any witness not listed in the exhibits referenced above will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary.  Defendants shall identify any such un-listed rebuttal witnesses that they intend to call no later than the close of Plaintiffs' case-in-chief.  Plaintiffs shall identify any such un-listed rebuttal witnesses that they intend to call no later than the close of Defendants' rebuttal.  Subject to the notice requirements adopted by the Court, the listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify, and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

33.     For those depositions that have been videotaped, to the extent admissible, a party may introduce the deposition excerpt by videotape instead of, or in addition to, by transcript.  If a party opts to introduce deposition testimony by videotape, any counter-designations of that same witness's deposition testimony must also be submitted by videotape.

34.     When deposition designation excerpts are introduced, all admissible deposition counter-designation excerpts, whether offered by videotape or by transcript, will be introduced simultaneously in the sequence in which the testimony was originally given.  To the extent such designations are read or played in open court, each party will be charged for the time taken to read or play its

designations.  If the parties cannot agree on an appropriate time apportionment for the designations, each party will be charged for the proportion of lines of testimony for its designations to the total number of lines of testimony read or played.  The parties agree to edit out deposition objections and long pauses between the end of an answer and the start of the next question from the clips of the deposition designations to be played to the Court, and further agree to meet and confer regarding any designated colloquy, i.e., between counsel.

35.     Each side will provide to the other side the name of any witness that it intends to call to testify, whether live or by deposition testimony, the exhibits to be introduced through each such witness, and the order of presentation of those witnesses, by no later than 7:00 p.m. two calendar days before the day the witness is expected to testify.  Thereafter, each side shall update its expected witnesses at the end of each trial day by 7:00 p.m.  If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.  Objections to the identified exhibits to be introduced on direct examination shall be provided by 7:00 p.m. the following evening.  The parties shall meet-and-confer by 10:00 p.m. the same day regarding any objections to the identified exhibits.  Thus, for example, the parties will provide notice of what witness they intend to call live and the exhibits they will use on direct examination on a Monday by the previous Saturday at 7:00 p.m. and objections thereto shall be

provided by 7:00 p.m. Sunday, with a meet-and-confer to occur as necessary by 10:00 p.m. Sunday.  Any disputes or objections that cannot be resolved shall be raised with the Court before calling such witnesses or using any such exhibits during examination of the witness.

36.     The parties agree that this provision does not require the disclosure of exhibits to be used for cross examination, redirect examination, or adverse witnesses.

37.     Prior to the start of the direct or cross examination of any witness, the parties agree to provide the other with two copies of witness binders that contain all of the exhibits expected to be used on direct or cross examination of that witness.  The parties will also make available to the Court, the court reporter, the clerk, and the witness binders of exhibits to be used during direct or cross examination of the witness.

38.     For a witness who is to testify out of order or has limitations or requirements with regard to timing or availability, the sponsoring party must, if possible, raise these issues no later than two calendar days prior to the day said witness is to testify in order for the Court to have sufficient time to resolve any issues, as necessary. The parties agree to be reasonable and cooperate in permitting witnesses to testify out of order due to scheduling issues outside of the witness's or parties' controls.

**B.    Deposition Designations**

39.    Plaintiffs' list of deposition designations, Defendants' objections to Plaintiffs' designations, Defendants' counter-designations, and Plaintiffs' objections to such counter-designations are attached as **Schedule 11**.

40.    Defendants' list of deposition designations, Plaintiffs' objections to Defendants' designations, Plaintiffs' counter-designations, and Defendants' objections to such counter-designations are attached as **Schedule 12**. Defendants reserve the right to serve objections to Plaintiffs' counter-designations at a later time, as Plaintiffs had not served their counter-designations as of June 11, 2021 and accordingly did not afford Defendants reasonable time to review and object to the counter-designations before submitting this Pretrial Order.

41.    Absent good cause shown, no deposition testimony not previously designated pursuant to this Order may be later added for these witnesses.  The parties agree that no distinction will be made whether the testimony was labeled a designation or a counter-designation in the parties' exchanges.  A party's designation of deposition testimony does not constitute an admission as to the admissibility of the testimony or a waiver of any applicable objection.

42.    With respect to those witnesses who will be called to testify at trial (designated in the Pretrial Order as "will call"), no deposition designations or counter-designations are required.  A party shall promptly provide notice if for any

reason it does not intend to call live a witness who is so identified on the list of trial witnesses. To the extent a party gives notice that a fact witness identified as a live witness on the list of trial witnesses is not going to be called live, the opposing party may designate specific pages and lines of transcript that it intends to read or play in lieu of the witness's appearance at least 72 hours prior to introducing the deposition testimony.

43.    Each party reserves the right to offer testimony designated by any other party (whether as a designation or counter-designation), even if not separately listed on its own deposition designation list.

44.    The parties may offer some or all of the deposition testimony set forth herein at trial.  A party's decision not to introduce some or all of the testimony of a witness designated by that party herein shall not be commented upon by the other party at trial.  However, for those witnesses to be presented via deposition testimony, the parties agree that the proffering party will provide the initial deposition designations (by page and line number) that are actually intended to be played or read at trial, or a disclosure that all pages and lines previously designated will be played by 6:30 p.m. three days prior to the day that testimony will be offered.  By 6:30 p.m. the following day (two days prior to the day that the testimony will be offered), the other party will provide the specific pages and lines it counter-designates and any objections.  By 8:30 p.m. the same day, the proffering

party will provide objections.  The parties shall meet-and-confer by 10:00 p.m. the

same day regarding any objections to the deposition designations.  If the objections

to the disputed testimony cannot be resolved by the parties, the objections will be

presented to the Court as appropriate before trial resumes on the next day.  By 6:30

p.m. the day before the witness will be offered by videotaped deposition, the

offering party will provide to all parties the transcript clip and a copy of the video

containing the designations from all parties for that witness.

45.     For rebuttal deposition testimony where compliance with the three-

day deadline in the preceding paragraph is impracticable, such deadline shall not

apply, and the parties will act in good faith to designate rebuttal testimony in time

to allow for counter-designations, and any objections, and the parties will meet and

confer to resolve the objections and to give the introducing party time to prepare

any necessary video/DVD of the testimony.

46.     Copies of exhibits referred to during the introduction of deposition

testimony will be offered into the trial evidence record to the extent admissible.

Where a video recording of a deposition is available, the offering party shall play

portions of the video containing the designated testimony at trial.  Where a video

recording of the deposition is not available, the offering party shall read the

designated testimony into the record at trial.  Whether introduced via video

recording or read into the record, deposition testimony shall count toward the

offering party's total allotted time in court.  The parties shall provide the court with a stipulated record of the total time allocated to each party's designations.

47.     Any deposition testimony may be used on cross-examination and experts may rely on deposition testimony cited in their reports, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

## VIII.  <u>BRIEF STATEMENT OF WHAT PLAINTIFFS INTEND TO PROVE</u>

48.     A brief statement of what Plaintiffs intend to prove in support of Plaintiffs' claims is attached as **Schedule 13**.

## IX.     <u>BRIEF STATEMENT OF WHAT DEFENDANTS INTEND TO PROVE</u>

49.     A brief statement of what Defendants intend to prove as defenses is attached as **Schedule 14**.

## X.      <u>AMENDMENTS TO PLEADINGS</u>

50.     The parties do not seek to amend the pleadings.

## XI.     <u>CERTIFICATION REGARDING SETTLEMENT</u>

51.     The parties certify that they have engaged in a good-faith effort to explore the resolution of the controversy by settlement.  The parties have been unable to reach agreement.

## XII.   MOTIONS IN LIMINE

52.     Plaintiffs' motions *in limine*, along with Defendants' respective responses, and Plaintiffs' replies, are attached as **Schedule 15**.

53.     Defendants' motions *in limine*, along with Plaintiffs' respective responses, and Defendants' replies, are attached as **Schedule 16**.

## XII.   JURY PROCEDURES

54.     The Parties agree that the current version of the Federal Judicial Center Introduction to the Patent System video (2013 revision) will be played as part of the Court's preliminary jury instructions.

55.     On the first day of trial, each member of the jury shall be provided a binder containing the preliminary jury instructions, the Asserted Patents, a list of the claim terms of the Asserted Patents that have been construed and their constructions, a list of acronyms or terms likely to be used during trial with definitions on which the parties agree, and several blank sheets for notes.

56.     The parties agree that the jurors be permitted to write notes by hand in their provided binders during the trial, and that jurors be permitted to bring their provided binders into the deliberation room.  The parties further propose that the jurors be instructed not to exchange or share their binders with one another (although they may discuss the contents of their binders) and that the jurors'

binders be collected by the Clerk each evening after daily recess, and collected and
destroyed without review after the jury's discharge.

## XII.  <u>OTHER MATTERS</u>

57.    The Court has entered a Stipulated Protective Order (D.I. 29) to
safeguard the confidentiality of certain of the parties' business and technical
information, as well as that of third parties.  All outside counsel shall handle such
protected information in accordance with the terms of the Protective Order and
shall not disclose such Confidential Information to persons not authorized to view
such information under the terms of the Protective Order.  Nonetheless, the
presentation of evidence at trial shall take place in open court, unless a party
specifically requests, and the Court agrees, that the Court be closed to the public
during presentation of certain portions of the evidence.

58.    <u>Corporate Representatives</u>:

a) Each party may have up to three corporate representatives (total)
attend the entire trial, including any closed portions.

b) The parties have agreed that corporate representatives attending the
trial need not have been listed in the Protective Order.  However, if
a corporate representative is not listed in the Protective Order, that
representative may not have access to the other party's confidential
information except for that presented at trial.  The corporate

representatives must agree to maintain in confidence the

confidential information of the opposing party and all third parties

that is presented during any closed portion of the trial, and to use

such information only in connection with this litigation and not for

any other purpose, including competitive decision making,

communications with FDA, and/or patent applications or

prosecution relating to any products.  Fact witnesses other than

corporate representatives shall not be present in the courtroom

during the presentation of evidence or arguments until they are

called to testify.  Expert witnesses and outside counsel may be

present in the courtroom at any time during trial.

59.     Subject to the approval of the Court, the parties propose the following

order for trial:

[**Plaintiffs' Proposal**:  Plaintiffs then Defendants shall present their

opening statements.  Plaintiffs will then present their case-in-chief on

infringement and damages. Defendants will present their rebuttal case on

infringement and damages, and case-in-chief on invalidity.  Plaintiffs reserve

their right to then present their rebuttal case.  By 6:00 p.m. the day before a

party intends to rest its case, the resting party shall give the other party

notice of its intention to rest.  Consistent with well-established Delaware

precedent and Fed. R. Evid. 403, any testimony and evidence relevant solely to issues that are to be decided by the Judge sitting in equity, including Defendants' unenforceability and patent misuse defenses and issues regarding injunctive relief, should not be presented within hearing of the jury.

[**Defendants' Proposal:**   Plaintiffs then Defendants shall present their opening statements.  Plaintiffs will then present their case-in-chief on infringement and damages. Defendants will present their rebuttal case on infringement and damages, and case-in-chief on invalidity and unenforceability.  Plaintiffs reserve their right to then present their rebuttal case.  By 6:00 p.m. the day before a party intends to rest its case, the resting party shall give the other party notice of its intention to rest.  As there has been no motion made for a bifurcated trial, the Court should receive evidence at trial on all issues relevant to the case and then determine which issues should be presented to the jury, either for binding or advisory verdicts, and which should be reserved solely for the Court.

60.   <u>Sequestration</u>: The parties request that the Court prevent fact witnesses (other than one corporate representative per party) from hearing any testimony of other (fact or expert) witnesses prior to the fact witness's testimony. Expert witnesses may be present in the courtroom at any time during trial.

61.   [**Plaintiffs' Proposal**:  The parties shall not be permitted to make any reference at trial to the fact that any claims or defenses (including any asserted patents/claims) were dropped or dismissed (voluntarily or otherwise) or to any *Daubert* challenges or Court rulings regarding any experts.] [**Defendants' Proposal**: Delete Plaintiffs' Proposal; this motion *in limine* is untimely and, in any event, whether the evidence Plaintiffs seek to exclude should be allowed at trial should be decided at trial based on the context and purposes for which it is offered.]

62.   In order to narrow the issues for trial, the parties agree that by June 18, 2021, Boston Scientific shall make a final reduction of the number of asserted claims to no more than eight patent claims, and that in response, by no later than June 25, 2021, Defendants shall make a final narrowing of their prior art invalidity case to assert no more than three anticipation grounds for each patent claim and no more than three obviousness combinations for each patent claim.

63.   Boston Scientific objects to paragraphs 5 and 21-24 of Defendants' Statement of What Defendants Intend to Prove and Section E of Defendants' Statement of Contested Issues of Fact as not timely disclosed and legally insufficient, and request that the Court strike those paragraphs.  Even if the Court were to permit such evidence, Defendants' patent misuse defense is an equitable defense to be decided by the Court, and hence, in accordance with Delaware

practice and Fed. R. of Evid. 403, any such evidence should be heard by the Court, not the jury.

Defendants disagree with Plaintiffs' untimely request for what amounts to a motion for summary judgment on or to strike Defendants' patent misuse defense, which was pleaded in the Answer and has been in this case from the beginning. Having never raised any issue with Defendants' discovery responses or filed any motion directed to a well-pleaded defense, Plaintiffs cannot now seek to escape a well-pleaded and well-supported defense through a last-minute addition to the Joint Pretrial Order. Moreover, the paragraphs of Schedules 3 and 14, about which Plaintiffs complain, on their face address issues in addition to patent misuse, including invalidity, inequitable conduct, and damages. As to Plaintiffs' request that this evidence and defense not be presented to the jury, Defendants set forth their position in Paragraph 59 above.

## XIII.  **ORDER CONTROLS**

64.     This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated: June 14, 2021                    Respectfully submitted,

FARNAN LLP                              ASHBY & GEDDES

/s/ Brian E. Farnan                     /s/ John G. Day
Brian E. Farnan (Bar No. 4089)          John G. Day (#2403)
Michael J. Farnan (Bar No. 5165)        Andrew C. Mayo (#5207)
919 N. Market St., 12th Floor           500 Delaware Avenue, 8th Floor
Wilmington, DE 19801                     P.O. Box 1150
Tel: (302) 777-0300                      Wilmington, DE 19899
Fax: (302) 777-0301                      (302) 654-1888
bfarnan@farnanlaw.com                    jday@ashbygeddes.com
mfarnan@farnanlaw.com                    amayo@ashbygeddes.com

*Attorneys for Plaintiffs Boston*        *Attorneys for Defendants*
*Scientific Corporation and Boston*
*Scientific Scimed, Inc.*


SO ORDERED this _____ day of _____, 2021.


_____
UNITED STATES DISTRICT JUDGE